UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RAYMOND JAMES & ASSOC., INC.,**

    **Plaintiff,**

v.                                    Case No.: 8:05-CV-1783-T-27EAJ

**JACK FEINER**,
**et al.**,

    **Defendants.**
_____

### REPORT AND RECOMMENDATION

Before the court are **Plaintiff's Motion for Preliminary Injunction** (Dkt. 3) filed on September 22, 2005, **Defendants' Motion in Opposition to Plaintiff's Motion for Confirmation of Arbitration Award and Opposition to Plaintiff's Motion for Stay and Preliminary and Permanent Injunction** (Dkt. 21) filed on October 14, 2005, and **Plaintiff's Motion for Leave to File Memorandum of Law in Response to Court's Order** (Dkt. 22) filed on October 17, 2005.[1]

On September 27, 2005, this court deferred scheduling a hearing on Plaintiff's Motion for Preliminary Injunction until Plaintiff served Defendants with a copy of the Complaint, Motion for Temporary Restraining Order, and Motion for Preliminary

---

[1] This matter was referred to the undersigned by the district court pursuant to 28 U.S.C. § 636(c) and Local Rule 6.01(b) M.D. Fla. for proceedings, consideration and a Report and Recommendation on Plaintiff's Motion for Permanent Injunction. (Dkt. 12)

Injunction.[2] (Dkt. 8) On October 3, 2005, the court scheduled a hearing on Plaintiff's motion for October 11, 2005. (Dkt. 10) Subsequently, Plaintiff filed an unopposed motion to continue the hearing until October 17, 2005. (Dkt. 17)

On October 12, 2005, the court ordered the parties to be prepared to discuss the following issues at the hearing: (1) whether the claims raised by Defendants in NASD Case No. 05-03308 are within the scope of the parties' arbitration agreement; and, (2) whether the court has authority to enjoin Defendants from pursuing claims before the NASD Arbitration Panel based on Plaintiff's argument that the judgment issued by the NASD Arbitration Panel on January 12, 2005 has a preclusive effect. See Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1109(11th Cir. 2004). (Dkt. 19)

A hearing on Plaintiff's motion was held on October 17, 2005. (Dkt. 23)

After fully considering the evidence and the legal arguments of the parties, it is recommended that Plaintiffs' motion for preliminary injunction be denied.

---

[2] On October 5, 2005, Plaintiff filed Affidavits of Service indicating that all three Defendants were served with the complaint and motions. (Dkt. 15) In particular, the affidavit notes that Jack Feiner accepted service on behalf of Jordan Feiner on September 26, 2005 at 6:30 p.m. (Dkt. 15) At the hearing, Defendants asserted that Jordan Feiner had not be served. In light of the court's recommendation to deny Plaintiff's motion based upon the binding precedent of Klay, it is unnecessary to address the issue of proper service upon Jordan Feiner.

## I.  **Factual Findings**

Plaintiff, Raymond James & Associates, Inc. ("Raymond James"), is a broker-dealer and wholly-owned subsidiary of Raymond James Financial Services, Inc. (Compl. ¶ 2)  Raymond James' business includes sales and trading of securities, investment banking, private equity and financial advisory services.  (Compl. ¶ 7)  Raymond James is a member of the National Association of Securities Dealers ("NASD").  (Id.)

Defendants, Jack Feiner ("Feiner"), Jordan Feiner ("Jordan"), and Sorin Siddiqui ("Sorin"), are citizens of the state of New York.[3]  (Compl. ¶ 3)  Jordan and Sorin are the children of Feiner.  (Compl., Ex. B, ¶ 8)

On or about June 21, 1999, Defendants opened accounts with Raymond James.  (Compl., Ex. B, ¶ 7)  The Client Agreement signed by the parties contained the following language on arbitration:

> Arbitration and Dispute Resolution: (a) In a dispute or controversy, either arising in the future or in existence now, between me and you (including your officers, directors, employees or agents and the introducing broker, if applicable) we agree to first endeavor to settle the dispute in an amicable manner by mediation before the Natinal (sic) Association of Securities Dealers, Inc. at the request of either party.  Thereafter, any unsettled dispute or controversy will be resolved by arbitration conducted before the New York Stock Exchange, Inc., the National Association of Securities Dealers, Inc., or the American

---

[3] Defendants contend that Jordan Feiner is a citizen of the State of California.  (Dkt. 21 at 1)

3

>   Stock Exchange, Inc., or other self-regulatory organizations (SRO) subject to the jurisdiction of the Securities and Exchange Commission (SEC) pursuant to the arbitration rules of the Exchange or SRO, and in accordance with the United States Arbitration Act (Title 9 of the United States Code).

(Dkt. 22, Ex. A)

On March 6, 2002, Defendants filed a Statement of Claim against Raymond James with NASD in NASD Case No. 02-01368. (Compl., Ex. B) In the Statement of Claim, Defendants alleged that Raymond James and Greg Caputo ("Caputo"), a registered representative of Raymond James, opened new accounts on behalf of Jordan and Sorin without the knowledge or consent of Defendants. (Compl., Ex. B, ¶ 7, 16) Defendant further asserted Caputo forged the signatures of Jordan and Sorin in order to open the account. Furthermore, Defendants alleged that Feiner also established an account with Raymond James. (Compl., Ex. B, ¶ 18) Among other claims, Defendants alleged that Raymond James and Caputo ignored Defendants' directions regarding their accounts, improperly transferred money between Feiner's account and the children's account, and made trades without their consent or authorization. Specifically, Defendant alleged the following seven causes of actions against Raymond James and Caputo:  (1) action for unsuitability; (2) breach of fiduciary duty; (3) unauthorized trading; (4) violation of NASD Rules; (5) failure to provide competent professional services; (6) failure to supervise; and, (7)

action for churning. (Compl., Ex. B, ¶¶ 21-57) Defendants sought damages in excess of $7,000,000, plus interest and commissions.

On January 12, 2005, the NASD Arbitration Panel issued an award dismissing all of Defendants' claims. (Compl., Ex. C) The award provided in relevant part that:

> After considering the pleadings, and the testimony and evidence presented at the pre-hearing conferences, the Panel has decided in full and final resolution of the issues submitted for determination as follows:
>
> 1. Claimants' claims are dismissed in their entirety, without prejudice.
>
> 2. Any and all relief not specifically addressed herein, including punitive damages, is denied.

(Compl., Ex. C)

On May 25, 2005, Defendants commenced an arbitration proceeding against Plaintiff by filing their Statement of Claim with the NASD in NASD Case No. 05-03308. (Compl., Ex. A) The claims set forth in the May 25, 2005 Statement of Claim mirror the claims set forth in the March 6, 2002 Statement of Claim. (Compl., Exs. A and B)

By letter dated August 19, 2005, Raymond James requested that the Director of Arbitration of the NASD dismiss Defendants' Statement of Claim in NASD Case No. 05-03308. (Dkt. 21, Ex. B) On September 20, 2005, the Director of Arbitration denied Raymond James' request, and advised the parties that they may raise the issue with the arbitration panel. (Id.)

5

On September 22, 2005, Raymond James filed a Complaint, Motion for a Temporary Restraining Order and Motion for Preliminary Injunction. (Dkts. 1, 2, 3) The District Court denied Raymond James' Motion for Temporary Restraining Order and referred the Motion for Permanent Injunction to the undersigned. (Dkt. 7)

**II.  The Parties' Positions**

Raymond James alleges in its Motion for Preliminary Injunction that the Statement of Claim filed by Defendants on May 25, 2005, is "substantively identical to the Statement of Claim that had been filed with the NASD on March 6, 2002, and dismissed by the NASD on January 12, 2005." (Dkt. 3 at 3) In Plaintiff's view, the prior dismissal of Defendants' claims by the Arbitration Panel precludes Defendants from relitigating these same claims before the Arbitration Panel. Because Raymond James will have to file documents with the NASD Arbitration Panel, pay forum fees and incur attorneys' fees and costs relating to the second arbitration, Raymond James seeks to enjoin Defendants from arbitrating the May 25, 2005 Statement of Claim before the NASD Arbitration Panel. (Id.)

Pursuant to Fed. R. Civ. P. 65(a) and Local Rule 4.06, Raymond James argues that its motion for a preliminary injunction should be granted because Plaintiff's complaint meets the four-part test required by Fed. R. Civ. P. 65(a). (Id. at 4)  Alternatively, Raymond James contends that this court may grant its motion for the

preliminary injunction under the All Writs Act. (Dkt. 22 at 4) As to the issue of the court's authority to enjoin Defendants from arbitrating the Statement of Claim before the NASD Arbitration Panel, Raymond James asserts that this court has such authority. (Dkt. 22 at 5)

In opposing Plaintiff's motion, Defendants assert that the binding precedent of Klay prevents this court from enjoining Defendants from pursuing their claims before the NASD Arbitration Panel. (Dkt. 21) Defendants also argue that Plaintiff cannot meet the four-part test required to grant a preliminary injunction.[4]

**III. Discussion**

  A. The Court's Authority to Enjoin Defendants From Arbitrating Claims

The threshold issue in this case is the court's authority to enjoin Defendants from arbitrating the claims set forth in the May 25, 2005 Statement of Claim before the NASD Arbitration Panel.

Relying upon Wickes Corp. v. Industrial Financial Corp., 493 F.2d 1173 (5th Cir. 1974), Plaintiff argues that this court has authority to stay the arbitration proceedings. (Dkt. 1 at 4) Raymond James also maintains that the Eleventh Circuit's case in

---

[4] Defendants make a passing reference that Raymond James has failed to assert allegations that provide any basis for personal jurisdiction over the Defendants. (Dkt. 21 at 1) In light of Defendants' failure to provide citations or analysis relating to personal jurisdiction issue as well as the court's recommendation to deny Plaintiff's motion based upon other grounds, the court concludes it is unnecessary to address this argument.

Klay is not controlling because the facts in this case are distinguishable. Raymond James' arguments are without merit.

First, Wickes is distinguishable from the instant case. In Wickes, after a dispute arose between the parties, defendant filed a demand for arbitration. Id. at 1174. Plaintiff protested the arbitration arguing that the panel lacked jurisdiction and filed a motion in district court to stay the arbitration proceeding. Id. The district court denied plaintiff's motion to stay and plaintiff appealed. The Fifth Circuit in Wickes held that the parties expressly agreed that the Florida Arbitration Code would not apply to the parties' contract. Id. at 1175. Because the Florida Arbitration Code was inapplicable, the appellate court interpreted the contract based on Florida common law principles. The Fifth Circuit held that, under the common law of Florida, an agreement to arbitrate future controversies was contrary to public policy and unenforceable because it ousted the jurisdiction of the court. Id. Accordingly, the Fifth Circuit held that the district court should have stayed the arbitration proceedings. Id.

Here, the Client Agreement entered into by the parties expressly provides that any dispute shall be resolved in accordance with the Federal Arbitration Act ("FAA"). (Dkt. 22, Ex. A) Thus, contrary to Wickes, this court should not interpret the Client Agreement under Florida common law. Moreover, pursuant to the FAA, "as a matter of federal law, any doubts concerning the scope of

8

arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Mastrobuono v. Shearson Lehman Hutton, 514 U.S. 52, 62 n. 8 (1995), quoting Moses H. Cone Memorial Hospital v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983).

Second, the decision of Klay v. United Healthgroup, Inc., 376 F.3d 1092 (11th Cir. 2004) is controlling. In Klay, after plaintiffs brought a class action suit against defendants, defendants sought to compel arbitration. Plaintiffs moved to dismiss the arbitrable claims and sought injunctions preventing the defendants from proceeding with arbitration. The district court granted the injunctions and the defendants appealed.

The Eleventh Circuit reversed the district court and held that a district court did not have "the power to enjoin arbitration on res judicata grounds because res judicata was for the arbitrator to decide in the first instance." Id. at 1109. The Eleventh Circuit noted that the "justiciability issue was for the arbitrators, and not for the court, to resolve." Id. at 1107. Consequently, the Eleventh Circuit held that, once the district court determines the disputed issues are within the scope of the arbitration clause, all further determinations concerning their arbitrability are for the arbitrator to decide. Klay, 376 F.3d at 1110; see SII Invs. v. Jenks, 370 F. Supp. 2d 1213, 1221 (M.D. Fla. 2005)(court denied

9

securities dealer's motion for preliminary injunction because investor's claims were within scope of NASD Code's agreement to arbitrate, and the securities dealer could be compelled to arbitrate).

Plaintiff contends that there is a "critical distinction" between Klay and this case because plaintiffs' claims in Klay were voluntarily dismissed. (Dkt. 22 at 5) In this case, Raymond James asserts that Defendants' claims were dismissed by the arbitration panel, and therefore, the case is distinguishable.

Plaintiff's position ignores the holding of Klay which adopted the Supreme Court's reasoning in Howsam v. Dean Witter Reynolds, 537 U.S. 79 (2002). Prior to the decision in Klay, the Eleventh Circuit had conflicting jurisprudence on the ability of courts to enjoin arbitration proceedings. Klay, 376 F.3d at 1107-09. In Kelly v. Merrill Lynch, Pierce, Fenner & Smith, 985 F.2d 1067 (11th Cir. 1993), the court held that the district court could make a determination on the issue of res judicata and therefore held that the district court could enjoin the arbitration. In contrast, in Weaver v. Florida Power & Light Co., 172 F.3d 771 (11th Cir. 1999), the court held that the res judicata defense should be raised with the arbitrators and vacated the injunction against arbitration.

Following the approach taken in the Supreme Court's decision in Howsam, the Eleventh Circuit held that both the Kelly and Weaver

10

courts erred in considering the res judicata issue.[5]  <u>Klay</u>, 376 F.3d at 1109.  In <u>Howsam</u>, the Supreme Court stated that unless the arbitration agreement stipulates otherwise, a court is only empowered to determine the substantive issues of arbitrability, <u>i.e.</u>, whether a particular dispute falls within the scope of an arbitration clause.  <u>Howsam</u>, 537 U.S. at 83-84.  Procedural issues which grow out of the dispute and bear on its final disposition are not for the court, but for an arbitrator, to decide.  <u>Id.</u> at 84.  In absence of an agreement to the contrary, the Supreme Court held that the arbitrator should decide "allegations of waiver, delay or a like defense to arbitrability."  <u>Id.</u> quoting <u>Moses H. Cone Memorial Hospital</u>, 460 U.S. at 24-25.  Therefore, the Eleventh Circuit in <u>Klay</u> held that neither the <u>Kelly</u> or <u>Weaver</u> courts had the power to enjoin arbitration on res judicata grounds because res judicata was for the arbitrator to decide.  <u>Klay</u>, 376 F.3d at 1109.

Thus, in this case, the court must first determine whether the claims raised by Defendants are within the scope of the arbitration agreement.  If the claims fall within the scope of the arbitration agreement, then the arbitrators, not this court, determine whether

---

[5]  Contrary to Plaintiff's assertion, whether a plaintiff voluntarily dismisses its claims or the court dismisses the claims is of no consequence in analyzing the court's authority to enjoin arbitration. In reversing the decisions in <u>Kelly</u> and <u>Weaver</u>, the Eleventh Circuit noted that whether plaintiff's claims are voluntarily dismissed or dismissed by the court, a district court has no authority to enjoin arbitration based on res judicata grounds.  <u>Klay</u>, at 1109.

11

the doctrine of res judicata precludes Defendants from pursuing its arbitration action against Plaintiffs.

    B.  <u>Scope of the Arbitration Agreement</u>

Plaintiff argues that Defendants' claims set forth in NASD Case No. 05-03308 are not within the scope of the arbitration agreement because Defendants' claims are not "unsettled" disputes. (Dkt. 22 at 2-3) According to Plaintiff, when the NASD Arbitration Panel dismissed Defendants' claims in NASD Case No. 02-01368, the panel divested itself of jurisdiction over Defendants' "settled" claims. Further, Plaintiff asserts that the words "without prejudice" in the panel's award are mere surplusage. As such, Plaintiff contends that Defendants' present claims before the arbitration panel are settled disputes, and therefore, not arbitrable. (<u>Id.</u>) Plaintiff's arguments are meritless.

The Client Agreement signed by the parties provides that in "a dispute or controversy, either arising in the future or in existence now" between Plaintiff and Defendants, the parties agree "to first endeavor to settle the dispute in an amicable manner by mediation." (Dkt. 22, Ex. A) Thereafter, any unsettled dispute or controversy will be resolved by arbitration in accordance with the Federal Arbitration Act. (<u>Id.</u>)

In NASD Case No. 05-03308, Defendants assert that Plaintiff opened accounts without their consent, Plaintiff ignored Defendants' directions regarding their accounts, Plaintiff improperly

12

transferred money between their accounts, and Plaintiff made unauthorized trades regarding their accounts. This court finds that Defendants' claims are unsettled disputes within the scope of the Client Agreement. Indeed, Defendants allege essentially the same claims set forth in Defendants' first arbitration proceeding, which were within the scope of the Client Agreement.

By contending that Defendants' claims were dismissed by NASD Arbitration Panel in a final determination of the case, Plaintiff is simply arguing that the defense of res judicata prevents Defendants from raising the same claims before a new arbitration panel. The binding precedent of <u>Klay</u> precludes this court from resolving the defense of res judicata. Accordingly, having decided that Defendants' claims are within the scope of the Client Agreement, this court will not address the issues of whether the words "without prejudice" are mere surplusage and whether the prior arbitration panel's award is a final resolution of Defendants' claims. These are matters for the arbitrator to decide.

C.  <u>Preliminary Injunctive Relief is Inappropriate</u>

Courts in the Eleventh Circuit grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be

adverse to the public interest. <u>Solantic, LLC v. City of Neptune Beach</u>, 410 F.3d 1250, 1253 (11th Cir. 2005). Plaintiff maintains that it has met the four-part test necessary for this court to issue a preliminary injunction.[6]

Raymond James argues that it is likely to succeed on the merits of its underlying claim. However, given the binding precedent of <u>Klay</u>, Plaintiff is unlikely to prevail at a final hearing in this case in its efforts to stay the arbitration proceeding. Whether Plaintiff will prevail on its res judicata defense is not for this court to decide.[7]

Raymond James' contention that it will suffer irreparable harm unless an injunction is issued is unpersuasive. Specifically, Plaintiff alleges it will be forced to defend against the same claims at great expense. (Dkt. 3 at 3) As a result of Defendants'

---

[6] Alternatively, Raymond James asserts that this court should issue an injunction under the All Writs Act. This act states that "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1661(a). Based upon the authority presented by Plaintiff, the court is not convinced that the traditional four-part test for issuing a preliminary injunction should be substituted for the nebulous standard of the All Writs Act.

[7] Defendants point out that the Director of Arbitration has declined to dismiss Defendants' claims. On August 19, 2005, after the second arbitration proceeding commenced, Raymond James requested that the Director of Arbitration dismiss Defendants' case, or alternatively, reopen Defendants' prior case. On September 20, 2005, the Director of Arbitration denied Raymond James' request and advised the parties that the issue could be raised with the newly appointed arbitration panel.

second arbitration, Plaintiff states it will be required to pay thousands of forum fees and to incur tens of thousands of dollars of attorneys' fees and costs. (Id.)  In addition to the monetary harm, Plaintiff alleges that its employees will be harmed by the impact of Defendants' second arbitration proceeding.  Without submitting any affidavits to support these allegations, Raymond James requests that the court take judicial notice of the adverse effect litigation before the arbitration panel will have upon Plaintiff's employees.

It is well settled that an injury is "irreparable" only if it cannot be undone through monetary remedies. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).  As the Supreme Court stated:

> The key word is this consideration is irreparable.  Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

Sampson v. Murray, 415 U.S. 61, 90 (1974). Moreover, in determining whether the harm is irreparable, courts consider, as one factor, the delay of the movant in seeking relief.  Badillo v. Playboy Entertainment Group, Inc., No. 8:04-cv-591-T-30TBM, 2004 U.S. Dist. Lexis 8236 *7 (Apr. 16, 2004 M.D. Fla).

Here, Raymond James has failed to demonstrate irreparable harm. If successful, monetary damages will adequately compensate Raymond

15

James for the time and expense spent litigating the res judicata defense before the arbitration panel. See Triangle Constr. & Maint. Corp. v. Our V.I. Labor Union, No. 04-13234-W, 2005 U.S. App. LEXIS 19753 * 22 (Sept. 14, 2005 11th Cir.)(the expense of participating in an arbitration proceeding does not constitute irreparable injury). Indeed, there is no evidence that time and the expense and time spent litigating this issue before the arbitration panel will be more costly than proceedings before a district court. In addition, Defendants filed their Statement of Claim in the second arbitration proceeding on May 25, 2005. Plaintiff waited until September 22, 2005, nearly a four-month delay, before moving for injunctive relief.

In sum, the requirements under Rule 65, Fed. R. Civ. P., are not met, and Plaintiff is not entitled to an injunction.

**IV.    Conclusion**

It is therefore **RECOMMENDED** that:

(1) **Plaintiff's Motion for Preliminary Injunction** (Dkt. 3) **be DENIED.**

                                                                _____
                                                                ELIZABETH A JENKINS
                                                                United States Magistrate Judge

Dated: October 25, 2005
Case No. 8:05-CV-1783-T-27EAJ

16

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  <u>See</u> 28 U.S.C. 636 (b)(1).