UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND JAMES & ASSOCIATES, INC.,

       Plaintiff,

vs.                                    Case No.: 8:05-CV-1783-T-27EAJ

JACK FEINER, JORDON FEINER
 and SORIN ANNE FEINER,

       Defendants.
_____/

**ORDER**

This cause comes before the court on **Defendants' Response to Show Cause Order** (Dkt. 31) and **Defendants' Motion for Waiver of Local Counsel Designation, or Motion for Additional Time to Obtain Local Counsel** (Dkt. 33) filed on November 17, 2005.  On November 18, 2005, Defendants filed a Supplemental Response to Order to Show Cause.  (Dkt. 35)

On October 17, 2005, Defendants's counsel was directed to file the appropriate motion to appear pro hac vice.  (Dkt. 23) Instead, Defendants' counsel filed a Special Admission Attorney Certification.  Because this certification does not replace the court's requirement to file a motion to appear pro hac vice, on October 21, 2005, the court ordered Defendants' counsel to file the appropriate motion to appear pro hac vice and fully comply with Local Rule 2.02.  (Dkt. 24)

On November 3, 2005, Defendants' counsel filed a motion for the admission of counsel pro hac vice.  (Dkt. 26 and 27) This

motion did not comply with Local Rule 2.02 because it failed to designate local counsel or show good cause why such designation should be waived.  Accordingly, this court issued an order to show good cause why Defendants' counsel should not be sanctioned. (Dkt. 29)

In response to the show cause order, Defendants' counsel asserts that according to his reading of Local Rule 2.02, he was only required to file a Special Admission Attorney Certification. (Dkt. 31 at 2)  Although he attempted to comply with Local Rule 2.02, Defendants' counsel states his clients could not afford to retain local counsel. (Id.) Further, Defendants' counsel contends he was not aware that pursuant to Local Rule 2.02 he could seek a waiver for good cause not to designate local counsel. (Id. at 3)

In Defendants' Motion for Waiver of Local Counsel Designation, Defendants's counsel alleges that he has had "great difficulty getting Defendants to pay for the disbursements in this matter and is literally representing Defendants without charge in this matter." (Dkt. 33 at 2)  Although Defendants' counsel has contacted three law firms, these law firms declined to take on this matter with first obtaining a retainer.  Defendants' counsel further states that the parties have been discussing the termination of this matter.  (Id. at 4) On November 18, 2005, Defendants advised the court that the parties had agreed to resolve this case.  Thereafter, the parties filed unopposed motions to

2

confirm the arbitration award.  (Dkts. 36 and 37)

After a careful review of Defendants' motions, the court concludes that sanctions will not be imposed at this time.  The court, however, will not hesitate to reconsider the issue of sanctions if Defendants fail to comply with the court's orders.

Upon consideration, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Appear Pro Hac Vice (Dkt. 26)  and Defendants' Motion for Waiver of Local Counsel Designation (Dkt. 33) are **GRANTED** subject to the requirement that Richard A. Roth is directed to participate in electronic filing, and as such, he must register for CM/ECF and obtain a password within ten (10) days of the date of this order.  Richard A. Roth may obtain a password from the court by accessing the court's website, located at www.flmd.uscourts.gov, and clicking on CM/ECF.  Once Richard A. Roth has registered for CM/ECF, he must also register his email address.[1]

**DONE AND ORDERED** in Tampa, Florida on this 28th day of November, 2005.

---

[1] Counsel can register his email address by logging into CM/ECF, clicking on the "Utilities" tab on the top of the screen, selecting the "Maintain Your Account" link, then clicking on the "Email information" tab, and entering his email address in the space provided.

ELIZABETH A JENKINS
United States Magistrate Judge